Pen. & W.
3pw502
134 640

3pw502
140 639

### GRAFFINS *et al. against* COMMONWEALTH.

An indictment against supervisors of the public roads, for not keeping them in repair, must conclude "to the common nuisance of the citizens of the Commonwealth of Pennsylvania."

A corporation derives all its powers from the charter; and from it the duties, obligations and liabilities of its officers are to be collected. Hence, an indictment against Street Commissioners, appointed by authority of a charter of incorporation of a borough, for not keeping in repair a street, cannot be sustained; the charter not authorizing such a proceeding.

WRIT of error to the Quarter Sessions of *Lycoming* county.

This was an indictment against GRAFFINS and RATHNELL, Street Commissioners, for neglecting to repair a certain street in the borough of *Williamsport.* The defendants were convicted; and two errors were assigned in the court to the judgment. First, that the indictment was defective in this, that it did not conclude "to the common nuisance of the citizens of the Commonwealth of *Pennsylvania.*" Second, that no indictment could be sustained against the defendants.

*Parsons* and *Anthony* for plaintiff in error.

As to the first point cited, 5 *Bac. Ab.* 152. 11 *Serg. & Rawle*, 345. 14 *Serg. & Rawle*, 447. But by the act of incorporation, the Street Commissioners are appointed by the Town Council and have neither funds, powers or duties but what are given to them by the ordinances of the corporation. It is a sufficient answer to the bill of indictment to say, that the defendants were not vested with power to repair the street, for neglecting which they were indicted.

*Armstrong* for defendants in error.

Argued, that an officer is always indictable for an omission to perform a public duty. The defendants, *ex officio,* had the power:—the street being out of repair called into requisition their duty:

(Graffins et al. *v.* Commonwealth.)

and that they had not funds, was a matter of fact to be urged in their defence before the jury.—As to the form of the indictment, he cited *Chit. Crim. Law,* 10. *Reed's Dig.* 442.

The opinion of the court was delivered by

Ross, J.—This was an indictment against the plaintiffs in error, for neglecting to repair a certain street in the borough of *Williamsport.* The act incorporating the town of *Williamsport,* passed the first of March 1804, section sixth, provides:—"That it shall and may be lawful for the Town Council to meet as often as occasion shall require, and enact such by laws, and make such rules, regulations, and ordinances as shall be determined by a majority of them, necessary to promote the peace, good order, benefit, and advantage of the said borough, particularly providing for the market, *streets, alleys, and highways* therein." They are also authorized to assess, apportion, and appropriate such taxes, as shall be determined by a majority of them to be necessary, and to appoint two persons to act as Street and Road Commissioners. The defendants indicted were appointed, in pursuance of this provision, the Street and Road Commissioners. A corporation derives all its powers from the charter. From it, the duties and obligations of those appointed under it, are to be collected. Street and Road Commissioners, merely as such, are by the charter invested with no powers; but their duties and their powers, are to be pointed out, and imposed by an ordinance; and the town council alone are invested with the power of making ordinances. They, however, do not appear to have legislated on this subject; and, therefore, the commissioners had no duties assigned them to perform, and no indictment would lie against them for omitting to do that, which they were under no legal obligation to perform. The burgess is required to issue his precept to the high constable to collect all the taxes assessed, and the same to pay over to the treasurer. He is required to carry into effect all the By Laws, enacted by the council, and to have jurisdiction of all disputes between the corporation and individuals arising under the by-laws.

It is manifest from the power with which the burgess is invested, that the duties which the commissioners should exercise, were to be imposed by the by-laws. They have no power to amend, fill up, or dig down the streets, until the council shall confer such power upon them. Previously thereto, they exist only in name, without any authority to act; and even after they shall have been invested with such power, they will be restricted in its exercise to the provisions of the ordinance. The council hold the purse strings of the Treasurer; and the burgess himself only possesses jurisdiction of all disputes between the corporation and individuals *arising under the by-laws.*

But suppose there had been by-laws in the borough imposing the duty on the commissioners of repairing the streets, &c. could

they have been *indicted* for neglecting such duty? I apprehend not. The charter does not authorize the passing a by-law to make that an indictable offence, which was not so before. The council may inflict a *fine* for their neglecting a duty imposed upon them by an ordinance; but they certainly cannot imprison for such neglect. The great object to be attained by having a town incorporated, so far as regards the streets and the roads, is to enable a population, which is too large and dense, to be accommodated by the general road law, to adopt such measures, and make such minute regulations, as are requisite for the health and convenience of the inhabitants. The provisions of the road law would not extend to any other street, road or alley, which had not been laid out by the court of *Quarter Sessions;* for by the act of the 6th of March, 1802, the supervisors are enjoined to make, open, and repair, all public roads within their townships, which, by the court of *Quarter Sessions* of the proper county, have been, or hereafter shall be, declared public roads or highways. If the provisions of this act did extend to roads which were not laid out by the *Quarter Sessions,* it would invest the owner of land with the power to lay out streets and roads through his property, and compel the township to be at the expense of keeping the same in repair. It would be transferring the power from the court of *Quarter Sessions* to individuals, whose lands might extend for miles; and thus operate very injuriously upon the townships. No such construction, however, can be given to the act.

A sufficient answer has been given to all the errors assigned, excepting the last, which is, that the indictment does not allege that a common nuisance existed, and does not conclude, to the common nuisance of the citizens of the Commonwealth of Pennsylvania. So far as I have been able to examine the books upon this subject, the law seems to require, that the indictment should have concluded to the common nuisance of the citizens of the Commonwealth. The precedents of indictment in *Chitty's* Criminal Law, are all drawn in this manner, and contain this allegation. In the form given in the appendix to *Reed's Dig.* the allegation of its being to the common nuisance of the citizens, is omitted; but every lawyer, who has had occasion to examine the forms given by Mr. *Reed,* must have observed that they are imperfect, and by no means to be relied upon. This may, perhaps, be owing to the negligence of the printer, or to the carelessness of the clerk, who transcribed them. In 2 *Barnad,* 192, it is laid down, that an indictment for not repairing a highway, must call it *communis via;* and in *Cro. Elizabeth,* 148, it is expressly said, that an indictment for stopping a highway *ad nocumentum diversorum legiorum Dominae Reginae,* was quashed; because it was *ad nocumentum* of *some,* and not of all the king's

(Graffins et al. *v.* Commonwealth.)

**subjects.** See 1 *Hawk. P. C.* 361. 5 *Com. Dig.* 166. This being the law, and the forms being all in accordance with it, excepting the one in *Reed*, I am not aware of any reason for changing or relaxing the rule. Such alterations generally produce much mischief; and introduce uncertainty into the criminal code, where certainty is of the greatest importance. The *gist* of the offence intended to be laid in this indictment, is that is a common nuisance to the citizens, and unless the road was such a nuisance, no indictment would lie; and therefore it should have made the allegation and concluded to the common nuisance of the citizens of the Commonwealth of Pennsylvania.

Judgment reversed.